# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAY HOTRUM,

    Plaintiff,

v.

EDGEWATER GAMING, LLC,

    Defendant.

Case No. 2:15-cv-00775-LDG (GWF)

**ORDER**

    Defendant Edgewater Gaming, LLC, moves to recover its attorney's fees (ECF No. 35) from the plaintiff Jay Hotrum. Hotrum opposes the motion (ECF No. 37).

    Rule 54(d)(2) of the Federal Rules of Civil Procedure "creates a procedure but not a right to recover attorney's fees." *MRO Communications Inc., v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). "In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *Id*, *quoting Alyeska Pipeline Serv.*, 421 U.S. 240, at 259 n.31, 95 S.Ct. 1612 (1975)).

Edgewater Gaming seeks attorney's fees pursuant to NRS 18.010(2), which provides, in relevant part, that "the court may make an allowance of attorney's fees to a prevailing party: . . . (b) . . . when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party."

In support of its motion, Edgewater Gaming argues that Hotrum filed his complaint on April 2, 2015, and that it disclosed the surveillance video of the events underlying Hotrum's complaint on June 9, 2015. Edgewater Gaming concludes that, on that date, Hotrum "was aware of the surveillance video which unequivocally established that Plaintiff's Complaint was without merit." Edgewater Gaming further notes that Hotrum confirmed, at his deposition on August 3, 2015, that he had watched the surveillance video.

Edgewater Gaming's argument rests upon the premise that, subsequent to June 9, 2015, Hotrum was in possession of objective evidence that, Edgewater Gaming implicitly argues, establishes Hotrum lacked a reasonable ground to maintain those claims. Edgewater Gaming further argues that Hotrum was aware of the content of that video no later than August 3, 2015.

In response, Hotrum does not offer any argument disputing that Edgewater Gaming is entitled to an award of attorney's fees in the circumstances of this case. Rather, Hotrum identifies certain fees it contests are not billable as attorney's fees, or represent double-billing, or otherwise should not be permitted. Hotrum concludes that by "requesting a reduction in attorney's fees of $10,500 for the reasons set forth above."

Having reviewed every item that Hotrum contests, Hotrum has contested only 12.1 hours of attorney work (representing $2,541 in attorney's fees) and 2.6 hours of paralegal work (representing $286 in paralegal fees). Despite requesting a reduction of $10,500, Hotrum has disputed only $2,827 of the fees requested by Edgewater Gaming. Further, even as to the fees actually disputed by the defendant, the Court cannot agree that Hotrum has shown that Edgewater Gaming should not be reimbursed for certain of those fees.

Indeed, Hotrum has failed to show that Edgewater Gaming should not be reimbursed for the attorney's fees it expended regarding most of the items disputed by Hotrum.

Accordingly,

THE COURT **ORDERS** that Defendant Edgewater Gaming LLC's Motion for Attorney's Fees (ECF No. 35) is GRANTED as follows: The plaintiff, Jay Hotrum, shall pay attorney's fees in the amount of $23,280.50 to the defendant, Edgewater Gaming LLC.

DATED this ___ day of February, 2017.

Lloyd D. George
United States District Judge